NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-185

SANDEEP GUPTA

<u>vs</u>.

CHARU SARAF GUPTA.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

The plaintiff, Sandeep Gupta (father), appeals from a series of judgments entered in the Probate and Family Court that found the defendant, Charu Saraf Gupta (mother), not guilty of civil contempt.  The parties were divorced in 2019, and a modification judgment entered in 2024 granting custody of their two children to the mother and setting parameters for their transition to her custody (modification judgment).  The father's contempt complaints alleged that the mother failed to, among other things, return inappropriately utilized escrow funds to the father, allow him to have contact with the children, and provide him with information regarding the children's hospitalization.  Because the judge did not abuse her discretion

in finding that the father did not prove by clear and convincing evidence that the mother violated any command in the modification judgment, we affirm.

Background.  In order for the mother to assume custody of the children, the modification judgment ordered the father to transfer $150,000 to be held in escrow by the mother's counsel "to secure appropriate services for the children" and required that the mother, father, and children attend sessions with Patricia Brady, a court-appointed reunification therapist.  The father was also ordered to attend individual therapy "to learn to separate himself and his conflict with Mother from the relationship between Mother and the children."  The modification judgment further provided that, after custody of the children transitioned to the mother, the father's parenting time and telephone contact with the children would be supervised by Brady for the first nine months.

Brady submitted a series of affidavits in 2024 to update the court on the status of the children and request the court's assistance in implementing the modification judgment.  In an affidavit dated June 26, 2024, Brady stated that, after failing to appear for a scheduled appointment, the father left the children at the Wellesley police station after giving the mother

2

only two hours' notice.[1]  Opining that this "abrupt transition" was "designed to undermine the healthy transition of the children," Brady recommended that contact with the father be limited.  In an affidavit dated July 26, 2024, Brady reported that the father filed false police reports and allegations of abuse and neglect against the mother and clinicians assisting with the transition.  She further stated that the father "orchestrated a plan with the children to refuse to comply with the Judgment and cause harm to the children emotionally and to their mother."

In September 2024, the father filed a series of contempt complaints against the mother related to the modification judgment.  Relevant here, the father alleged that the mother (1) failed to return escrow funds that were not utilized for the oldest child's boarding school, (2) failed to allow him visitation and contact with the children, and (3) "weaponized" the hospitalization of the children and failed to provide him with related information.  On October 14, 2024, Brady submitted another affidavit reiterating her recommendation that there be no contact between the father and the children for a period so that the children could "become less dysregulated."  Following a

---

[1] The mother's answer avers that the father gave three hours' notice.  The difference is immaterial to our decision.

3

hearing, the judge entered judgments on the contempt complaints in favor of the mother, finding that the father did not prove that she was in contempt. In so finding, the judge considered Brady's affidavits and stated that the father presented no credible evidence.

Discussion. As the plaintiff in the contempt action, the father bore the burden to prove by clear and convincing evidence that the mother acted in "disobedience of a clear and unequivocal command". Birchall, petitioner, 454 Mass. 837, 853 (2009). In determining whether the father met that burden, the judge was required to consider "the totality of the circumstances." Voorhis v. Relle, 97 Mass. App. Ct. 46, 54 (2020), quoting Wooters v. Wooters, 74 Mass. App. Ct. 839, 844 (2009). We review the ultimate finding of civil contempt for an abuse of discretion, "but we review underlying conclusions of law de novo and underlying findings of fact for clear error." Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018).

The father first contends that the judge abused her discretion in finding that the escrow funds were "appropriately utilized" by the mother. The modification judgment required the funds to "be utilized to secure appropriate services for the children . . . in order for Mother to assume custody of the

4

children," including the oldest child's "boarding school tuition, room and board, [along with] any summer camp component, Mother's live in professional help[,] and the fees of Ms. Brady." Prior to the hearing, the mother submitted an affidavit with an attached ledger showing her expenditures from the escrow fund and supporting bills. The ledger shows that the funds were spent on Brady's retainer and bills, camps for the children, homecare services for the children, "communication/family training," and interventional services for the children. Although the father contends that these expenses were "not explicitly allowed by the Judgment" and were "excessive," the judge determined that the father's "failure to follow the judgment" required the mother to use a variety of support services to transition the children to her custody. Accordingly, the judge concluded that the mother "appropriately utilized" the funds in compliance with the modification judgment. Because the judge was entitled to consider the totality of the circumstances, including the father's disruptive conduct and the needs of the children, in determining whether the billed services were appropriate, we discern no abuse of discretion. See Voorhis, 97 Mass. App. Ct. at 54.[2]

---

[2] To the extent that the father now contends that his right to due process was violated because he did not receive the ledger and attached bills until the day before the hearing, that

5

The father next asserts that the judge abused her discretion in determining that the denial of contact between the father and the children was justified because the "father has not completed prerequisite engagement with Ms. Brady." Although the father contends that no such prerequisite existed, the modification judgment provided that, at that time, "Father shall have supervised parenting time . . . telephone contact or FaceTime contact with the children . . . if the contact is supervised" by Brady. According to Brady, the father failed to appear for his appointments, follow her recommendations, respond to her requests, or otherwise meet with her. While the father argues that the judge should not have credited the statements in Brady's affidavits, we accord substantial deference to the judge's credibility determinations. See Pierce v. Pierce, 455 Mass. 286, 293 (2009). See also Psy-Ed Corp. v. Klein, 62 Mass. App. Ct. 110, 114 (2004) (affidavit is "form of sworn testimony the credibility of which is to be determined by the judge"). Because the modification judgment required that contact between the father and the children be supervised by Brady, the judge

_____

argument is waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) ("An issue not raised or argued below may not be argued for the first time on appeal"). See also Beaupre v. Cliff Smith & Assocs., 50 Mass. App. Ct. 480, 485-486 (2000) (failure to ask for continuance subversive of claim of unfair surprise or prejudice).

6

did not abuse her discretion in finding that the mother did not violate "a clear and unequivocal command."  See Birchall, 454 Mass. at 853.

Lastly, the father contends that the judge abused her discretion in finding "no evidence of interference" by the mother with respect to his efforts to obtain information about the children's hospitalization.  The modification judgment provides that the father "shall have access to the . . . medical records of the children without further permission of Mother," but imposes no affirmative duty on the mother to provide them. Nor does the record support the father's assertion that the mother otherwise restricted his access to the children's medical information.  To the contrary, the father testified that he obtained records from Boston Children's Hospital, and the mother averred that the father was in contact with the oldest child during his hospitalization and with the children's medical providers.  We defer to the judge's implicit finding that the mother was credible.  Pierce, 455 Mass. at 293.  The judge did

7

not abuse her discretion in finding the mother not guilty of contempt.  See Birchall, 454 Mass. at 853.[3]

Judgments entered November 5, 2024, on complaints for contempt affirmed.

By the Court (Henry, Shin & Toone, JJ.[4]),

*Paul Little*

Clerk

Entered: July 7, 2026.

---

[3] The father also requests that we remand this matter for an evidentiary hearing on the removal of Brady "from all aspects of this litigation," but that issue is not presented for our review.  A judge of the Probate and Family Court previously denied the father's motion to remove Brady, and he has not appealed from that decision here.

[4] The panelists are listed in order of seniority.